**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5831

GARY HATFIELD,
Defendant-Appellant.

Appeal from the United States District Court for
the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-95-94)

Submitted: August 22, 1996

Decided: September 12, 1996

Before RUSSELL, HALL, and WILLIAMS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

George A. Mills, III, Huntington, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Paul A. Billups, Assistant
United States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gary Hatfield pled guilty to three counts of bank fraud, 18 U.S.C.A. § 1344 (West Supp. 1996), and was sentenced to a term of 21 months imprisonment. He contends on appeal that the district court erred in sentencing him at the high end of the sentencing guideline range and suggests that the sentence was the result of ineffective assistance on the part of his attorney. We dismiss the appeal.

Hatfield was informed before he entered his guilty plea that the total amount of loss was $448,471. He made no objections to the pre-sentence report which used this amount to calculate a sentencing range of 15-21 months. In his personal statement to the district court, Hatfield stated that he was not responsible for certain loans included in the loss statement submitted by the bank. At the sentencing hearing, the probation officer and Hatfield's attorney agreed that these loans, which Hatfield disclaimed in his interview with the probation officer, had been removed from the loss calculation. Hatfield then stated that he had no objection to the sentence calculation and that he was satisfied with his attorney's representation.

On appeal, Hatfield maintains that the district court should have sentenced him at the low end of the guideline range and that its failure to so sentence him was his attorney's fault. Because Hatfield does not contend that the guideline range was incorrectly calculated, we are without statutory authority to review his sentence. See United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994). A claim of ineffective assistance of counsel will not be considered on direct appeal unless the record conclusively demonstrates that counsel did not provide effective representation. United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992), cert. denied, 507 U.S. 942 (1993). To the extent he raises the issue, Hatfield has not made the required showing.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

DISMISSED

3